UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BILLYE D. GAULDEN, SR.,

Plaintiff,

v.

N. MARTHAKIS, et al.,

Defendants.

CAUSE NO. 3:25-CV-667-PPS-JEM

OPINION AND ORDER

Billye D. Gaulden, Sr., a prisoner without a lawyer, is proceeding in this case on three claims. First, he has sued Dr. Nancy Marthakis and Nurse Diane Thews "in their individual capacities for compensatory and punitive damages for being deliberately indifferent to his symptomatic H. pylori infection for at least sixty (60) days beginning on May 1, 2025, in violation of the Eighth Amendment[.]" ECF 4 at 11. Second, he is proceeding "against Warden Ron Neal in his official capacity for permanent injunctive relief to assure he is provided with treatment for his symptomatic H. pylori infection as deemed medically necessary to comport with the Eighth Amendment[.]" *Id.* at 11-12. Third, he is proceeding "against Warden Ron Neal and Assistant Warden Dawn Buss in their individual capacities for nominal, compensatory, and punitive damages for conditions of confinement in violation of the Eighth Amendment[.]" *Id.* at 12.

Warden Neal and Assistant Warden Buss (the "State Defendants") filed a motion for summary judgment, arguing Gaulden did not exhaust his administrative remedies before filing this lawsuit. ECF 21. Dr. Marthakis and Nurse Thews (the "Medical

Defendants") also seek summary judgment on the same grounds—failure to exhaust administrative remedies. ECF 26. Both summary judgment motions are fully briefed. ECF 31, 32, 33, 34. Gaulden then filed his own motion for summary judgment, but it is procedurally improper. ECF 43. In his motion for summary judgment, Gaulden argues he did exhaust his administrative remedies. This is not a valid basis for summary judgment, as exhaustion is an affirmative defense raised by the defendants. Therefore, Gaulden's motion for summary judgment will be denied without further comment.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the

claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was actually available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). This means the State can't play games with administrative remedies. In other words, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

### *Medical Defendants*

The parties provide evidence showing the following facts: During all relevant times, an Offender Grievance Process was in place at Indiana State Prison ("ISP"), which required Gaulden to complete three steps before filing a lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 21-1 at 2; ECF 21-2 at 3. Regarding the first step,

once an inmate submits a grievance "[t]he Offender Grievance Specialist must either return an unacceptable form or provide a receipt for an accepted form within ten (10) business days of receipt." ECF 21-2 at 9. "If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." *Id.*

On April 22, 2025, Gaulden filed Grievance 223365, complaining medical staff were ignoring his requests to be tested and treated for H. Pylori and Legionella. ECF 21-1 at 6; ECF 21-4 at 1. Gaulden did not receive any timely receipt or response from the grievance office for this grievance. ECF 32 at 6. On May 1, 2025, Gaulden sent a "Request for Interview" form to the Grievance Specialist, informing him he had not received any receipt or response for his grievance. ECF 31-2 at 16. On May 27, 2025, and June 9, 2025, Gaulden sent additional "Request for Interview" forms to the Grievance Specialist regarding the lack of response to his grievance. *Id.* at 17-18. The record does not indicate Gaulden ever received any response to these "Request for Interview" forms. *See id.* at 16-18. On July 3, 2025, after Gaulden still had not received any receipt or response from the grievance office for Grievance 223365, he filed this lawsuit. ECF 1 at 7. On August 6, 2025, a month after Gaulden filed this lawsuit, the grievance office logged Grievance 223365 and sent a receipt to Gaulden. ECF 21-1 at 7; ECF 21-4 at 2.

Here, the relevant date for determining whether Gaulden exhausted his available administrative remedies is July 3, 2025 – the date he filed this lawsuit. *See Mayberry v.*

4

*Schlarf*, No. 3:23-CV-64-JD-JEM, 2024 WL 4274856, at *3 (N.D. Ind. Sept. 24, 2024) (noting the relevant date for exhaustion purposes is the date the inmate filed the lawsuit). The undisputed facts show Gaulden had exhausted all administrative remedies that were available to him on that date. Specifically, it is undisputed Gaulden submitted Grievance 223365 on April 22, 2025. After Gaulden received no timely receipt or response to this grievance, he submitted several written notices to the Grievance Specialist notifying him of the lack of response to the grievance. At that point, the Grievance Specialist was required to "investigate the matter and respond to the offender's notification within ten (10) business days." *See* ECF 21-2 at 9. The Grievance Specialist did not do so, which left Gaulden without any further remedy to exhaust. Gaulden then proceeded to file this lawsuit.

Therefore, the undisputed facts show Gaulden had exhausted all of his available administrative remedies at the time he filed this lawsuit. Anything that occurred after he filed this lawsuit is not relevant to the exhaustion analysis. Accordingly, because the medical defendants have not met their burden to show Gaulden had available administrative remedies he did not exhaust before he filed this lawsuit, their motion for summary judgment will be denied.

### *State Defendants*

Gaulden brings two claims against the State Defendants. First, he is proceeding against Warden Neal "for permanent injunctive relief to assure he is provided with treatment for his symptomatic H. pylori infection as deemed medically necessary to comport with the Eighth Amendment." For the same reasons discussed above, Gaulden

exhausted all available remedies with regard to this claim by submitting Grievance 223365 and then submitting subsequent written notifications to the grievance office which were ignored.

The State Defendants raise a new argument not raised by the Medical Defendants: they argue Gaulden had an available administrative remedy he did not exhaust because the Offender Grievance Process required him to proceed with submitting an appeal once he received no receipt or response to Grievance 223365. ECF 22 at 6-10. But this is not what the Offender Grievance Process says. Rather, it states: "If the offender receives no grievance response within twenty (20) business days of the Offender Grievance Specialist's *receipt of the grievance*, the offender may appeal as though the grievance had been denied." ECF 21-2 at 12. Here, it is undisputed the grievance office did not issue any receipt for Grievance 223365 until August 2025, after Gaulden already had filed this lawsuit. Therefore, the undisputed facts continue to show Gaulden had exhausted all his available administrative remedies with respect to this claim at the time he filed this lawsuit. Summary judgment will be denied on this claim.

Second, Gaulden is proceeding against both Warden Neal and Assistant Warden Buss on a conditions-of-confinement claim related to his allegations he was exposed to contaminated water and other unsanitary conditions in his cell. ECF 4 at 9. The Grievance Specialist attests the grievance office never received any grievance from Gaulden related to this claim. ECF 21-1 at 6. In his response, Gaulden concedes he never submitted any grievance related to this claim, stating "Plaintiff never filed grievance for

6

unsanitary conditions because suit was based on ISP failure to treat medical condition." ECF 32 at 8. Gaulden does state that he submitted "Request for Interview" forms to the State Defendants notifying them of the unsanitary conditions in his cell (*see id.*), but Gaulden provides no evidence that submitting a Request for Interview form is a valid substitute for submitting and fully exhausting a grievance. *See* ECF 21-2 at 3, 9-14 (requiring an inmate to submit and fully exhaust a formal grievance (State Form 45471) to exhaust his remedies); *Lockett*, 937 F.3d at 1025 (the law takes a "strict compliance approach to exhaustion," requiring inmates to "file complaints and appeals in the place, and at the time, the prison's administrative rules require.").

Accordingly, because it is undisputed Gaulden never submitted or exhausted any formal grievance related to his conditions-of-confinement claim against the State Defendants, and Gaulden does not allege or provide any evidence his administrative remedies were unavailable with regard to this claim, summary judgment is warranted in favor of the state defendants on this claim.

For these reasons, the court:

(1) GRANTS the state defendants motion for summary judgment (ECF 21) with respect to Gaulden's conditions-of-confinement claim;

(2) DENIES the state defendants' motion for summary judgment (ECF 21) with respect to Gaulden's injunctive relief claim;

(3) DENIES the medical defendants' motion for summary judgment (ECF 26);

(4) DENIES Gaulden's motion for summary judgment (ECF 43);

(5) DISMISSES Assistant Warden Buss from this lawsuit; and

(6) REMINDS the parties this case is now proceeding on Gaulden's remaining claims:

    a. against Dr. Marthakis and Nurse Thews in their individual capacities for compensatory and punitive damages for being deliberately indifferent to his symptomatic H. pylori infection for at least sixty (60) days beginning on May 1, 2025, in violation of the Eighth Amendment; and

    b. against Warden Ron Neal in his official capacity for permanent injunctive relief to assure he is provided with treatment for his symptomatic H. pylori infection as deemed medically necessary to comport with the Eighth Amendment.

SO ORDERED.

ENTERED: April 14, 2026.

                /s/ Philip P. Simon
                PHILIP P. SIMON, JUDGE
                UNITED STATES DISTRICT COURT

8